IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action: 1:13-CV-196 TSE/IDD ) |
| GREGORY SCOTT HUNTER, | ) ) |
| Defendant. | ) ) |

**DEFENDANT GREGORY SCOTT HUNTER'S MOTION TO STAY
CASE PENDING RESOLUTION OF PARALLEL CRIMINAL ACTION**

**COMES NOW** the Defendant, Gregory Scott Hunter, through Counsel, Daniel Ward and Ward & Ward, P.L.L.C., and respectfully requests that this Honorable Court enter an **ORDER STAYING** the instant case pending full and final resolution of the underlying criminal action. In support of this Motion, Defendant states the following:

**I.  UNDERLYING FACTS OF THIS PARALLEL LITIGATION**

1. This action has been brought by Plaintiff, Markel American Insurance Company, seeking a Declaratory Judgment that it is not bound to honor its contract of insurance with Defendant Gregory Scott Hunter and pay for damages to Mr. Hunter's 32' Sea Ray 340 Amberjack *Rock Steady*.  (Compl. at ¶ 2)

2. The facts underlying this allegation are that on September 15, 2012, in the Chesapeake Bay located at or near Annapolis, Maryland, the Rock Steady struck rocks while passing under the Chesapeake Bay Bridge at 8:45 p.m.  (Id. at ¶ 13)

1

3. The Plaintiff further alleges that Mr. Hunter was arrested by the United States Coast Guard because he had a strong smell of alcohol on his breath, and was later placed under arrest by the Maryland Department of Natural Resources for failing various "tests" on the night in question. (Id. at ¶¶ 19-22)

4. The Plaintiff also alleges that Mr. Hunter was issued three (3) citations on the night in question. (Id. at ¶ 24)

5. The Plaintiff alleges, in copying the citations issued, that Mr. Hunter negligently operated his vessel on the night in question, was voluntarily intoxicated on the night in question, and was otherwise intoxicated on the night in question. (Id. at ¶¶ 28-30)

6. On the basis of these "facts", the Plaintiff alleges that the loss of the Rock Steady is excluded from coverage under the terms of the policy based on an intentional and willful misconduct clause contained within the terms of the subject insurance policy on the vessel, and that Mr. Hunter was operating the subject vessel in violation of Maryland criminal law. (Id. at ¶¶ 31-39)

7. The subject complaint, however, was brought before the issue of whether or not Mr. Hunter was operating the Rock Steady in violation of Maryland law had actually been adjudicated by a Maryland court. Indeed, the matter of State of Maryland v. Gregory Scott Hunter, in the District Court of Maryland for Anne Arundel County, Case Nos.: 5Y66192306, 0Y66150000, 6Y66192307 remains pending, and was pending when the subject Complaint was brought by the Plaintiff.

## II. STANDARD OF REVIEW

8. The Court has the discretion to stay civil proceedings in the interest of justice and "in the light of the particular circumstances of the case." *Sec. & Exch. Comm'n v. Dresser Indus.,*

2

*Inc., 628 F.2d 1368, 1375, 202 U.S. App. D.C. 345 (D.C. Cir. 1980)*. As the Supreme Court has noted, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket ...." *Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)*.

9. The factors that are commonly weighed when a party moves to stay civil proceedings in light of parallel criminal proceedings are: 1) the relationship between the civil and criminal actions; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay. See *U.S. ex rel. Westrick v. Second Chance, No. 04-280, 2007 U.S. Dist. LEXIS 23917, 2007 WL 1020808, at \*2 (D.D.C. Mar. 31, 2007)*; see also *Horn v. Dist. of Columbia, 210 F.R.D. 13, 15 (D.D.C. 2002)* (laying out similar factors). The factors serve only as a "rough guide" for a court as it exercises its discretion. *Louis Vuitton Muleteer S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012)*; see also *Favaloro v. S/S Golden Gate, 687 F. Supp. 475, 482 (N.D. Cal. 1987)* (court's decision based on "facts of each case"). The Court may give each factor as much weight as it determines to be necessary. Gabriel L. Gonzalez *et. al.*, Parallel Civil and Criminal Proceedings, 30 Am. Crim. L. Rev. 1179, 1193 (1993).

### III.  ARGUMENT

10. Turning to the four-prong test as annunciated *supra*, this action warrants a stay pending adjudication of the Maryland criminal proceeding. First, the Plaintiff has alleged that Mr. Hunter violated Maryland law when he was operating his vessel, and utilizes the tickets and arrest procedure in making its argument. Obviously, there is a close parallel between the underlying criminal action and this civil action, but the final arbiter of whether Mr. Hunter violated Maryland law is the District Court of Maryland for Anne Arundel County, and the State

3

in that matter must prove its case beyond a reasonable doubt. In other words, the Plaintiff is requesting that this Court substitute its judgment as to whether or not Mr. Hunter violated Maryland law for a Maryland Court that has exclusive jurisdiction to render such a judgment.

11. Moreover, the Plaintiff is seeking an Answer to its Complaint prior to final adjudication of the criminal matter, which violates the Fifth Amendment right ensured to Mr. Hunter against self-incrimination. This is highly prejudicial to Mr. Hunter, and if denial of a stay were to occur may cause him substantial and undue prejudice in the criminal case. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 325 (9th Cir. 1995)(There may well be cases where the Constitution requires a stay, but a plausible constitutional argument would be presented only if, at a minimum, denying a stay would cause "substantial prejudice" to the defendant. <u>See</u> also *Malletier v. Coco, et al.*, 676 F. 3d 83, 100 (2nd Cir. 2012)).

12. The requested stay presents no burden on this Court, as the criminal action is currently scheduled to occur on April 19, 2013 at 1:30 p.m. in the District Court of Maryland for Anne Arundel County.

13. The Plaintiff would suffer no prejudice, as it has refused to pay the underlying claim, and will still refuse to pay such claim even if the stay is granted. Balanced against the underlying prejudice that would be incurred by the Defendant if he were forced to engage in parallel litigation concerning a criminal charge that has not been fully and finally adjudicated, Plaintiff's prejudice is non-existent.

14. The duration of the stay is not long, and only extends to the completion of the underlying criminal case.

### III.  CONCLUSION

15.  **WHEREFORE**, and for the reasons above-stated, Defendant Gregory Scott Hunter respectfully requests that this Honorable Court enter an **ORDER STAYING** this proceeding until such time as the underlying criminal case of <u>State of Maryland v. Gregory Scott Hunter</u>, in the District Court of Maryland for Anne Arundel County, Case Nos.: 5Y66192306, 0Y66150000, 6Y66192307 is fully and finally adjudicated.

                                          Respectfully submitted,

April 15, 2012                        /S/ Daniel S. Ward
                                          Daniel S. Ward VSB 45978
                                          Ward & Ward PLLC
                                          2020 N Street, NW
                                          Washington, DC 20036
                                          (202) 331-8160
                                          dan@wardlawdc.com

                                          Brennan C. McCarthy
                                          BRENNAN MCCARTHY & ASSOCIATES
                                          1200 West Street
                                          Annapolis, MD 21401
                                          (443) 294-1083
                                          (443) 200-6135 Fax
                                          bmccarthy@comcast.net
                                          *pro hac vice admission pending*

                                          ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of April 2012, I electronically filed the foregoing with the Court of the Court using the CM/ECF system, which will then send, as appropriate, a notification of such filing to the following:

>Christopher A. Abel, Esquire
>Melissa A. Hamann, Esquire
>**WILCOX & SAVAGE, P.C.**
>Wells Fargo Center
>440 Monticello Ave., Suite 2200
>Norfolk, VA 23510
>(757) 628-5500
>(757) 628-5566 Fax
>cabel@wilsav.com
>mhamann@wilsav.com

                                                  /S/ Daniel S. Ward
                                                    Daniel S. Ward