**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **MARKEL AMERICAN INSURANCE COMPANY**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Civil Action No.: 1:13-CV-196** ) |
| **GREGORY SCOTT HUNTER**, | ) ) |
| Defendant. | ) ) |

## ANSWER

**COMES NOW** the Defendant, Gregory Scott Hunter, pursuant to Fed. R. Civ. P. 12, and states the following:

### I. SPECIFIC ADMISSIONS AND DENIALS

1. Defendant neither admits nor denies the allegations as stated in Paragraph 1 of Plaintiff Complaint, except that Defendant denies that a copy of the Helmsman Yacht Policy at issue was attached as Exhibit 1 to the Complaint.

2. Defendant denies the allegations as set forth in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of the Complaint contains statements of law that require neither an admission nor a denial. To the extent that a response is required, Defendant denies the allegations as set forth in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of the Complaint contains statements of law that require neither an admission nor a denial. To the extent that a response is required, Defendant denies the allegations as set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations as set forth in Paragraph 5 of Plaintiff Complaint.

6. Defendant admits the allegations as set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegation as set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations as set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations as set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations as set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations as set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations as set forth in Paragraph 12 of Plaintiff's Complaint to the extent that the rocks on the subject piles are "clearly visible."

13. Defendant admits the allegations as set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks sufficient information to admit and/or deny the allegations as set forth in Paragraph 14 of Plaintiff's Complaint to the extent of what a "constructive total loss" is. To the extent that a response is required, Defendant denies the allegations as set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant lacks sufficient information to admit and/or deny the allegations as set forth in Paragraph 14 of Plaintiff's Complaint to the extent of what injuries were claimed by other individuals. To the extent that a response is required, Defendant denies the allegations as set forth in Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 of Plaintiff's Complaint does not require an admission and/or denial. To the extent that an admission or denial is required, Defendant denies the allegations as set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations as set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks sufficient information to admit and/or deny the allegations as set forth in Paragraph 18 of Plaintiff's Complaint, and thus denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant lacks sufficient information to admit and/or deny the allegations as set forth in Paragraph 19 of Plaintiff's Complaint to the extent of what another person perceived. Defendant admits that he was detained by the Coast Guard and taken to Sandy Point State Park, but denies the other allegations set forth in Paragraph 19 of Plaintiff's Complaint..

20. Defendant denies the allegations as set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant lacks sufficient information to admit and/or deny the allegations as set forth in Paragraph 21 of Plaintiff's Complaint, and thus denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits the allegations as set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations as set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations as set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations as set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations as set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations as set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations as set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations as set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations as set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations as set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations as set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant lacks sufficient information to either admit or deny the allegations as set forth in Paragraph 33 of Plaintiff's Complaint, as the subject contract is not attached to Plaintiff's Complaint, and thus denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant lacks sufficient information to either admit or deny the allegations as set forth in Paragraph 34 of Plaintiff's Complaint, as the subject contract is not attached to Plaintiff's Complaint, and thus denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations as set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations as set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations as set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations as set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations as set forth in Paragraph 39 of Plaintiff's Complaint.

40. Paragraph 40 of Plaintiff's Complaint does not require an admission or denial. To the extent that an admission or denial is required, Defendant denies the allegations as set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendant lacks sufficient information to either admit or deny the allegations as set forth in Paragraph 41 of Plaintiff's Complaint, as the subject contract is not attached to Plaintiff's Complaint, and thus denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint..

42. Defendant lacks sufficient information to either admit or deny the allegations as set forth in Paragraph 42 of Plaintiff's Complaint, as the subject contract is not attached to Plaintiff's Complaint, and thus denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations as set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations as set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations as set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendant admits the allegations as set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendant admits the allegations as set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations as set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations as set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations as set forth in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations as set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations as set forth in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations as set forth in Paragraph 53 of Plaintiff's Complaint.

54. Defendant admits the allegations as set forth in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations as set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations as set forth in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations as set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations as set forth in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations as set forth in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations as set forth in Paragraph 60 of Plaintiff's Complaint.

61. Paragraph 61 of Plaintiff's Complaint does not require an admission and/or denial. To the extent that an admission or denial is required, Defendant denies the allegations as set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant does not have sufficient information to either admit or deny the allegations as stated in Paragraph 62 of Plaintiff's Complaint, but denies that Markel is justified either in denying coverage or in declaring the Policy void *ab initio*.

63. Defendant admits the allegations as set forth in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations as set forth in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations as set forth in Paragraph 65 of Plaintiff's Complaint.

## II. GENERAL DENIAL

66. Defendant incorporates Paragraphs 1 through 66 as if more fully set forth herein.

67. Defendant generally denies each and every allegation as set forth in Plaintiff's Complaint filed herein, and demands strict proof.

### III. AFFIRMATIVE DEFENSES

68. Defendant incorporates Paragraphs 1 through 67 as if more fully set forth herein.

69. Defendant pleads the defense of failure to state a claim upon which relief can be granted as a matter of law.

70. Defendant pleads the defense of lack of subject matter jurisdiction.

71. Defendant pleads the defense of lack of personal jurisdiction.

72. Defendant pleads the defense of improper venue.

73. Defendant pleads the defense of accord and satisfaction.

74. Defendant pleads the defense of assumption of the risk.

75. Defendant pleads the defense of duress.

76. Defendant pleads the defense of estoppel.

77. Defendant pleads the defense of fraud.

78. Defendant pleads the defense of illegality.

79. Defendant pleads the defense of laches.

80. Defendant pleads the defense of payment.

81. Defendant pleads the defense of release.

82. Defendant pleads the defense of res judicata.

83. Defendant pleads the defense of collateral estoppel.

84. Defendant pleads the defense of statute of frauds.

85. Defendant pleads the defense of ultra vires.

86. Defendant pleads the defense of failure to name a necessary party.

Respectfully submitted,

May 10, 2013                   ____/S/ Daniel S. Ward_____
Daniel S. Ward VSB 45978
Ward & Ward PLLC
2020 N Street, NW
Washington, DC 20036
(202) 331-8160
dan@wardlawdc.com

Brennan C. McCarthy
BRENNAN MCCARTHY & ASSOCIATES
1200 West Street
Annapolis, MD 21401
(443) 294-1083
(443) 200-6135 Fax
bmccarthy@comcast.net
*Admitted Pro Hac Vice*

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 10th day of May 2013, I electronically filed the foregoing with the Court of the Court using the CM/ECF system, which will then send, as appropriate, a notification of such filing to the following:

        Christopher A. Abel, Esquire
        Melissa A. Hamann, Esquire
        **WILCOX & SAVAGE, P.C.**
        Wells Fargo Center
        440 Monticello Ave., Suite 2200
        Norfolk, VA 23510
        (757) 628-5500
        (757) 628-5566 Fax
        cabel@wilsav.com
        mhamann@wilsav.com


                                                                /S/ Daniel S. Ward
                                                                    Daniel S. Ward