FILED
MAILROOM

2 9 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| COMPANY, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No.: 1:13-CV-196 |
| GREGORY SCOTT HUNTER, | ) |
|         Defendant. | ) |

## AMENDED AFFIRMATIVE DEFENSES AT REQUEST OF THE PLAINTIFF

**COMES NOW** the Defendant, Gregory Scott Hunter, with the attached modifications to the Defendants affirmative defenses. The Plaintiff specifically requested the affirmative defenses be amended and the defendant has done so below.

### III. AFFIRMATIVE DEFENSES

68. Defendant incorporates Paragraphs 1 through 67 as if more fully set forth herein.

69. Defendant pleads the defense of failure to state a claim upon which relief can be granted as a matter of law.

70. ~~Defendant pleads the defense of lack of subject matter jurisdiction.~~ (deleted)

71. ~~Defendant pleads the defense of lack of personal jurisdiction.~~ (deleted)

72. ~~Defendant pleads the defense of improper venue.~~ (deleted)

73. ~~Defendant pleads the defense of accord and satisfaction.~~ (deleted)

74. Defendant pleads the defense of <u>assumption of the risk</u>. Plaintiff assumes the risk of accidents when it agrees to insure boats. This accident was caused by lights not working on a rock-pile at the Chesapeake Bay Bridge, which would have alerted the Defendant to the potential danger. The rocks that were actually hit were submerged and

could not have been seen by anyone. There are risks involved in boating and the Plaintiff is well aware of those risks. They provide coverage based on those risks. The Defendant contracted with them to protect him from the result of those risks. They are only trying to find somewhere to place blame so they will not have to live up to their obligations.

The insurance company wants the court to believe that the defendant willfully or intentionally got drunk. It is not possible for the insurance company to know what the intention or will of the defendant was. It is impossible. Their claim should be denied.

Further, the insurance company provides no guidance, marketing, instruction or in any way tries to clarify this language for the policyholder. Without some type of effort on the insurance company's part, they should not be allowed to interpret it in their favor after the fact. By their actions, or lack thereof, they have assumed the risk.

75. ~~Defendant pleads the defense of duress.~~ (deleted)

76. Defendant pleads the defense of estoppel.

a) People rely on insurance and expect claims to be normal and necessary. People also expect to be paid. The promise to pay claims in 30 days was relied on by the defendant and the plaintiffs claim should be denied.

b) How could the Defendant know if someone was injured? The Defendant is not a doctor. If someone withheld information from the Defendant, what's the Defendant supposed to do? It was a long period before the Defendant was aware that a party sought medical care, and the Defendant reported that to the insurance company's lawyer in Baltimore, as he was instructed to do by the insurance company.

c) There is no way the plaintiff can prove Defendant was illegally intoxicated or that his blood alcohol level was above .08.

d) There is no language in the policy to specifically exclude coverage in cases where alcohol is involved. Since the plaintiff cannot prove that the defendant's blood alcohol level was above the legal limit, there is no provision to deny coverage.

e) The policy language would lead people into a false sense of security. The very statement of willful or intentional gives people the impression that if they make a mistake, they are still covered, because they didn't do "it" willfully or intentionally.

Take a woman who weighs 100 pounds. She intentionally has a glass of wine. A little while later she intentionally has a second glass of wine. Her BAC is checked and it's .17, well over the legal limit.

She did not intentionally or willfully break the law, although she would be charged for breaking the law. She did not willfully or intentionally get drunk. She made a mistake.

Under the policy, the words willful and intentional absolutely give her the impression that she's still covered because she did not go over the limit intentionally or willfully. She made a mistake. Defendant believes that there has to be a distinction in the policy, or in some manner, in order for the insurance company to deny claims on this basis. This is one of the key reasons to have insurance, is to cover us when we make a mistake.

Imagine a boater a mile from shore. He has had 2 beers in an hour. Should he drive back to shore? Should he carry a breathalyzer to know if he is over the limit? He doesn't know what to do, because he doesn't know if he's over the limit or not. He doesn't believe he is, so he goes ahead and drives his boat to shore.

A piece of debris hits his boat causing damage. His BAC is tested and he's over the limit. The insurance company wants to use this language to deny coverage, when he did not intentionally or willfully go over the limit. He thought he was okay only having 2 beers. He didn't know, and there is no reasonable way he could know. He made a mistake. This is one of the reasons we have insurance, is to cover us when we make a mistake.

77. Defendant pleads the <u>defense of fraud</u>.

The insurance company sells policies, which purchasers buy based on the representation that the insurance will cover losses.

In this case, the insurance company is using whatever it can to paint a picture that they should not have to pay. But, that is their very purpose. The insurance company would not otherwise exist.

Not only do they represent that they will cover the policyholder, they represent that they cover other parties as well. People believe that insurance is there to cover them. Even if the court finds in favor of the plaintiff in respect to the defendants claim, the insurance company should not be allowed to deny claims from others who the insurance company mislead into believing they were covered as well.

78. ~~Defendant pleads the defense of illegality~~. (Deleted)

79. Defendant pleads the <u>defense of laches</u>.

The insurance company had 30 days according to the policy to pay the claim. They have been in breach of contract ever since 30 days from the date they received the claim. The claim was made on September 17, 2012. The policy language says that they

"will" pay the claim within 30 days of accepting the claim. They accepted the claim from their own appraiser/surveyor on September 17. Since they have been in breach of contract since October 17, 2012, their case should be denied.

The insurance company breached it's own contract by not acting promptly to pay the claim once it was accepted by them. They should not then be able to enforce the contract in the action presently before the court.

The insurance company should not be allowed to pick and chose what provisions of it's contract it lives up to and which ones it doesn't. They have chosen to breach the contract because of their own wishes to file the current claim. They have unilaterally made a decision to execute the contract however they see fit in order to benefit themselves. Even if the current claim has value, plaintiff's breach of contract by not paying the claim within 30 days belays their rights to make the case currently before the court.

80. ~~Defendant pleads the defense of payment.~~ (deleted)

81. ~~Defendant pleads the defense of release.~~ (deleted)

82. ~~Defendant pleads the defense of res judicata.~~ (deleted)

83. ~~Defendant pleads the defense of collateral estoppel.~~ (deleted)

84. Defendant pleads the defense of statute of frauds.

Same as item 76 above.

85. ~~Defendant pleads the defense of ultra vires.~~ (deleted)

86. ~~Defendant pleads the defense of failure to name a necessary party.~~ (deleted)

Respectfully submitted, May 24, 2013

_____
Gregory Hunter
Defendant

5922 Wilton Rd
Alexandria, VA 22310
301-980-8604
scott@yourhealthmagazine.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __24__ day of, I did forward a copy
May 2013
of the foregoing via United States, First-Class Mail, postage pre-paid, to:

> Christopher A. Abel, Esquire
> Melissa A. Hamann, Esquire
> **WILCOX & SAVAGE, P.C.**
> Wells Fargo Center
> 440 Monticello Ave., Suite 2200
> Norfolk, Virginia 23510

By: _____
Gregory S Hunter